1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

| | |
|---|---|
| TAMARA TRICIA ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC LUTHERAN UNIVERSITY,<br><br>Defendant. | CASE NO. C13-5323 RJB<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT |

16

17

18

This matter comes before the court on Plaintiff's Motion for Summary Judgment (Dkt. 17) and on defendant's Request to Strike Portions of Plaintiff's Reply Materials (Dkt. 33). The court has considered the relevant documents and the remainder of the file herein.

19

PROCEDURAL HISTORY

20

21

22

23

24

On April 26, 2013, plaintiff Tamara Tricia Roberson filed a civil case against Pacific Lutheran University (PLU), alleging that she was discriminated against on the basis of race. Dkt. 1-1. The complaint alleges that PLU posted a position for Associate Director on May 4, 2012; that Ms. Roberson applied for the position on May 19, 2012; that her race was disclosed on the application materials; that she was qualified for the position; that PLU sent her an e-mail on July

1   6, 2012, informing her that another applicant had been selected; that the position was reposted on

2   July 11, 2012; that the person who was ultimately selected for the position had qualifications

3   equivalent to those of Ms. Roberson; and that PLU knew of Ms. Roberson's race and used it to

4   discriminate against her.  Dkt. 1-1, at 3-4.

5          On July 22, 2013, PLU filed an answer, asserting the following affirmative defenses: the

6   complaint fails to state a claim upon which relief may be granted; Ms. Roberson was not the

7   most qualified candidate for the position; Ms. Roberson failed to mitigate damages; the

8   complaint is barred in whole or in part by Ms. Roberson's own course of conduct; and the

9   complaint is barred in whole or in part by waiver, estoppel, and laches.  Dkt. 14, at 3.  On July

10   29, 2013, the parties filed a Joint Status Report and Discovery Plan.  Dkt. 15.

11          On July 30, 2013, plaintiff filed a motion for summary judgment, contending that there is

12   no merit to PLU's answer to the complaint.  Dkt. 17.  Plaintiff argues that she has supported the

13   facts underlying her claim, and that PLU "merely denies allegations without supporting these

14   assertions." Dkt. 17, at 2.  Plaintiff contends that her request for summary judgment is clear; that

15   PLU violated her right to equal employment opportunity; that she is entitled to the maximum

16   right of recovery allowable under law; that her attempt to mitigate damages was ignored; and

17   that estoppel and laches do not apply.  Dkt. 17.  Plaintiff did not provide evidentiary support for

18   her motion nor did she cite to the record.

19          On August 23, 2013, PLU filed a response, arguing that (1) in her motion, plaintiff

20   merely provided argument but did not cite to any evidence in support of her claims; (2) plaintiff

21   did not meet her burden of production that would require PLU to come forward with opposing

22   evidence; and (3) PLU did not hire plaintiff because she was not the most qualified applicant for

23   either of the two positions for which she applied.  Dkt. 28.

24

1       On August 26, 2013, plaintiff filed a reply, contending that the facts show that she was a

2  member of a racial minority group; that she was qualified for the position for which she applied

3  because she met all of the minimum qualifications as well as two of the preferred qualifications;

4  that she had comparable experience and education to the preferred qualifications; that she was

5  rejected for the position despite her qualifications; and that the position remained open after she

6  was rejected.  Dkt. 31.  Plaintiff contends that she has met her burden of production because she

7  had presented evidence in the initial disclosure documents that she had filed with the court.

8  Plaintiff further maintains that, although she was not hired for the first position she had applied

9  for at PLU, she is not challenging that decision.  Attached to her reply is a copy of the

10  Staff/Administrator Application for Associate Director completed by plaintiff (Dkt. 31, at 11-

11  12); and two pages that include five e-mails exchanged between plaintiff and PLU personnel

12  (Dkt. 31, at 13-14).

13       On August 26, 2013, PLU filed a Request to Strike Portions of Plaintiff's Reply Materials,

14  requesting that the court strike the documents plaintiff had attached to her reply (Dkt. 31, at 11-

15  14) as well as factual assertions that do not constitute competent evidence.  Dkt. 33.

16       On August 26, 2013, plaintiff filed Plaintiff's Surreply to Defendant's Request to Strike

17  Documents Already Submitted, contending that the documents she filed with her reply had

18  already been filed in her Initial Disclosure Documents.  Dkt. 35.  Plaintiff stated that she is

19  attempting to follow the rules and asks that the court not strike any of the documents she has

20  filed.

21                                      <u>LEGAL STANDARD</u>

22       Summary judgment is proper only if the pleadings, the discovery and disclosure materials

23  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

24

movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986)(nonmoving party must present specific, significant probative evidence, not simply "some

metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

material fact exists if there is sufficient evidence supporting the claimed factual dispute,

requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors

Association*, 809 F.2d 626, 630 (9th Cir. 1987).

   The determination of the existence of a material fact is often a close question.  The court

must consider the substantive evidentiary burden that the nonmoving party must meet at trial–

e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.

Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

of the nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party.  The nonmoving party may not merely state that it will

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.

Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be

"presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

1    In *Celotex,* the Supreme Court which imposed a burden on a party moving for summary

2    judgment beyond simply making the motion.

3          Of course, a party seeking summary judgment always bears the initial
        responsibility of informing the district court of the basis for its motion, and

4          identifying those portions of "the pleadings, depositions, answers to interrogatories
        and admissions on file, together with the affidavits, if any" which it believes

5          demonstrate the absence of a general issue of material fact.

6

7    *Celotex Corp. v. Catrett*, 477 U.S. 317 at 323. *See Nissan Fire and Marine Insurance*

8    *Company, Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1105 (9th Cir. 2000)("A moving

9    party may not require the non-moving party to produce evidence supporting its claim or

10    defense simply by saying that the non-moving party has no such evidence.").

11                                  PRELIMINARY MATTERS

12    Before the court addresses the facts in the record, some preliminary comments should be

13    made.  Plaintiff contends that she is entitled to summary judgment because, in its answer, PLU

14    "merely denies allegations without supporting those assertions." Dkt. 17, at 2.  In its answer, PLU

15    responded to the allegations in the complaint.  Dkt. 14.  PLU was not required to provide

16    evidence in support of its answer.  Plaintiff's request that she be granted summary judgment on

17    this basis is without merit.

18    Plaintiff is requesting summary judgment in her favor.  The focus of this order is whether

19    she has met her burden to prevail on summary judgment, and, if so, whether PLU has raised

20    issues of fact that preclude summary judgment.  The determinations made regarding the facts are

21    limited to those narrow issues, and are made only for the purposes of this summary judgment

22    order.

23    On July 18, 2013, plaintiff filed documents that she captioned Initial Disclosures.  Dkt.

24    12 and 13.  Filing of those documents is not permitted by the civil rules.  *See* Fed.R.Civ.P. 7(a).

1  Those improperly filed documents cannot serve as a substitute for properly supporting a motion

2  for summary judgment.

3                                          RELEVANT FACTS

4          Plaintiff applied for a lower-level Career Services position at PLU.  Following a

5  telephone interview with the then-Executive Director of PLU's Career Connections department,

6  Bobbi Hughes, the Hiring Manager, plaintiff was informed that she was not hired for the

7  position; plaintiff does not challenge that decision in this case.  Sometime in 2012, plaintiff later

8  applied for a higher position, Associate Director of Career Development, which was in the same

9  department at PLU as was the prior position for which plaintiff had applied.  Because she met the

10  minimum qualifications for the position, plaintiff's application was forwarded to the Hiring

11  Manager for this position, who was Ms. Hughes.  Plaintiff was not offered the position.  The

12  position was offered to Luis Santiago, who ultimately declined the offer.  When the position was

13  reposted, plaintiff requested to reapply but was told she would not be permitted to reapply.  The

14  position was ultimately given to another applicant.

15          Plaintiff contends that she was not offered the Associate Director position because she is

16  a member of a racial minority.  Plaintiff stated in her reply that PLU was aware, apparently

17  because of her application, that she was a member of a racial minority, and that the printed

18  material on the application stated that "the application form is reviewed at all points of the hiring

19  process and is the applicant's way of showing her qualifications." Dkt.  31, at 3.  Teri Phillips,

20  Associate Vice President for Human Resources for PLU, stated in a declaration that voluntary

21  EEO disclosures are maintained in the Human Resources Office and are not forwarded to the

22  Hiring Manager.  Dkt. 30, at 2.  Ms. Phillips stated that plaintiff's application, which was attached

23  to Ms. Phillips' declaration, was forwarded to the Hiring Manager.  Dkt. 30, at 2, and 5-9. The

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 6

1    application filed with Ms. Phillips' declaration did not include the EEO disclosures.  Ms. Hughes

2    stated in her declaration that, at the time she made the hiring determinations, she was not aware

3    of plaintiff's race; that the EEO demographic records are maintained the Human Resources

4    Office; and that she never sees the voluntary EEO disclosures for any applicants.  Dkt. 29, at 2.

5         Plaintiff stated in her motion for summary judgment and her reply that she was qualified

6    for the position because she met the minimum qualifications, and that she had equivalent

7    education and experience to the preferred qualifications.  Teri Phillips, Associate Vice President

8    for Human Resources for PLU stated that that plaintiff met the minimum qualifications but did

9    not meet any of the preferred qualifications.  Dkt. 30, at 2.  Ms. Hughes stated that she

10   determined that plaintiff was not the best qualified person for the position because plaintiff did

11   not meet the preferred qualifications for the position; that, based upon her prior telephone

12   interview with plaintiff, Ms. Hughes determined that plaintiff did not have the communication

13   skills needed to succeed in a career counseling position at PLU; and that, because Ms. Hughes

14   had determined that plaintiff was not the best qualified person for a lower level position in the

15   Career Services Office, she did not believe that plaintiff would be well qualified for a higher

16   level position in the same office.  Dkt. 29, at 2-3.

17                              REQUEST TO STRIKE

18        In a surreply, PLU filed a motion to strike the attachments plaintiff submitted with her

19   reply.  Dkt. 33.  PLU's surreply is authorized by LCR 7(g).  Plaintiff filed a response to the

20   surreply.  Dkt. 35.  That response is not authorized by LCR 7(g), and will not be considered by

21   the court.

22        The motion to strike the documents filed with plaintiff's reply (Dkt. 31, at 9-14) should be

23   granted for the following reasons:  (1) plaintiff was previously informed that she is required to

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 7

1  comply with the federal and local civil rules of procedure (Dkt. 27, at 3); (2) plaintiff filed the

2  attachments at issue with her reply, which deprived PLU of the opportunity to address the

3  attachments in its response; and (3) the documents are not properly authenticated.

4        PLU also requests that the court strike certain inadmissible factual statements made in

5  plaintiff's reply.  That request should be denied.  The court will accord the proper weight to the

6  statements plaintiff makes in her reply.

7  DISCUSSION

8        Under Title VII of the Civil Rights Act of 1964, it is unlawful "for an employer—(1) to fail

9  or refuse to hire or to discharge any individual, or otherwise to discriminate against any

10 individual with respect to his compensation, terms, conditions, or privileges of employment,

11 because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-

12 2(a)(1).

13       The complainant in a Title VII trial must carry the initial burden under the statute of

14 establishing a prima facie case of racial discrimination. This may be done by showing (a) that

15 she belongs to a racial minority; (b) that she applied for and was qualified for a job for which the

16 employer was seeking applicants; (c) that, despite her qualifications, she was rejected; and (d)

17 that, after her rejection, the position remained open and the employer continued to seek

18 applicants from persons of complainant's qualifications.  *See McDonnell Douglas Corp. v.*

19 *Green*, 411 U.S. 792, 802 (1973).

20       If plaintiff meets her burden of establishing a *prima facie* case, the employer must

21 produce a legitimate nondiscriminatory explanation for the adverse employment action.

22 *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802.  The ultimate burden then remains for the

23 plaintiff to prove that the defendant's stated reason is in fact pretext.  *Id*. at 804.

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 8

1    Plaintiff did not meet her burden to establish that she is entitled to summary judgment.

2    First, in her motion for summary judgment, plaintiff did not identify those portions of the

3    pleadings, depositions, answers to interrogatories and admissions on file, together with the

4    affidavits, if any, which she believes demonstrate the absence of a general issue of material fact.

5    Second, even assuming that plaintiff met her burden to establish that she is a member of a

6    racial minority, that she applied for and was qualified for the position, that she was rejected for

7    the position, and that the position remained open and PLU continued to seek applicants for the

8    position, PLU has met its burden, at this stage of the proceedings, to produce a legitimate

9    nondiscriminatory explanation for the adverse employment action.  PLU produced evidence that

10   the hiring manager believed that plaintiff was not qualified for the position, and that other

11   applicants were more qualified.  Plaintiff has not produced evidence of pretext.  PLU has

12   produced evidence that the hiring manager was unaware of plaintiff's status as a member of a

13   racial minority group at the time she made the decision not to hire plaintiff for the position.

14   Plaintiff is not entitled to summary judgment.

15   Accordingly, it is hereby **ORDERED** that PLU's Request to Strike Portions of Plaintiff's

16   Reply Materials (Dkt. 33) is **GRANTED** with regard to the documents filed in Dkt. 31, at 9-14,

17   and those documents will not be considered by the court.  PLU's Request to Strike Portions of

18   Plaintiff's Reply Materials (Dkt. 33) is **DENIED** as to statements made by plaintiff in her reply;

19   the court will accord the appropriate weight to those statements.  Plaintiff's Motion for Summary

20   Judgment (Dkt. 17) is **DENIED**.

21   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

22   to any party appearing *pro se* at said party's last known address.

23

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 9

1    Dated this 4th day of September, 2013.

2

3

4                     ROBERT J. BRYAN
                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 10